PER CURIAM.
 

 Nicholas Liakas appeals from an order dismissing his appeal from a decision of the United States Bankruptcy Court disallowing part of his claim against Deja Vu, Inc. (“Deja Vu”). We affirm.
 

 In the Deja Vu bankruptcy proceedings, Liakas contended he had an unsecured claim against Deja Vu arising from the rejection of his executory contract. Assuming, as Liakas claims, that his contract was rejected, and that he therefore had an unsecured claim for damages, the Bankruptcy Court apparently disallowed his claim because it did not appear in the schedules of assets and liabilities that Deja Vu filed. Liakas appears to argue, however, that his claim was scheduled, and therefore was a validly filed proof of claim because his contract was listed in the statement of executory contracts that Deja Vu filed with the schedules.
 

 Liakas has not cited, nor have we found, any provision in the Bankruptcy Code or Bankruptcy Rules that supports his argument. Under 11 U.S.C. § 1111(a), a proof of claim is considered filed in a Chapter 11 case if it appears in the schedules filed under 11 U.S.C. § 521(1) or 11 U.S.C. § 1106(a)(2), and is not scheduled as disputed, contingent, or unliquidated. None of those provisions mentions the statement of executory contracts.
 

 Although Liakas relies on Bankruptcy Rule 1007, that rule merely lists the statement of executory contracts as one of the items a debtor must file in Chapter 11 proceedings. It does not indicate that the statement is considered part of the schedules.
 
 [1]
 
 Thus, Liakas’s contract claim, which was not listed in the schedules of assets and liabilities that Deja Vu filed, could not be considered a validly filed proof of claim under section 1111(a) merely because his contract was listed in the statement of ex-ecutory contracts.
 

 Because Liakas’s claim was not scheduled, he had to timely file a proof of claim in order to be considered a creditor with respect to that claim for purposes of distribution.
 
 See
 
 Bankruptcy Rule 3003(c)(2).
 
 *178
 
 The record indicates that Liakas never filed a timely, formal proof of claim in the Deja Vu proceedings.
 

 Liakas argues, however, that the proof of claim he filed in the bankruptcy proceedings involving Harbor House Operating Corp. and Harbor House Realty Corp. (hereinafter “Harbor House”) should be considered to have been filed also in the Chapter 11 proceedings involving Deja Yu. We disagree.
 

 The record does not indicate that Harbor House and Deja Vu had the same corporate officers or directors, or substantially similar assets and liabilities such that they could be considered one debtor. There also is no indication that the estates of Harbor House and Deja Vu were being administered as one estate during the bankruptcy proceedings. Although the Bankruptcy Court ordered that certain pleadings pertaining to both Harbor House and Deja Vu be filed under one case with a special docket number, the order concerned only a limited category of pleadings relating to the lease or management contract between Harbor House and Deja Vu.
 

 In addition, a proof of claim must contain a demand by the creditor against the debt- or’s estate, and an intent to hold the debt- or’s estate liable.
 
 See, e.g., In Re Franciscan Vineyards, Inc.,
 
 597 F.2d 181, 183 (9th Cir.1979);
 
 In Re Modular Engineering Corporation,
 
 41 B.R. 52, 54 (Bankr.S.D.Tex.1984). The proof of claim that Liakas filed in the Harbor House proceedings cannot be construed as a claim against Deja Vu, as it did not refer in any way to Deja Vu as a debtor. Given that the Harbor House and Deja Vu estates essentially were treated and administered as separate estates in the bankruptcy proceedings, and the lack of any reference to Deja Vu as a debtor or to any claim against Deja Vu in the proof of claim Liakas filed in the Harbor House proceedings, we do not believe that the claim filed in the Harbor House proceedings can be deemed to have been filed as well in the Deja Vu proceedings.
 
 Cf. In Re Chemo Puro Manufacturing Corporation,
 
 213 F.Supp. 845 (S.D.N.Y.1962), aff
 
 'd sub nom. Arthur Andersen & Co. v. Vincent,
 
 313 F.2d 631 (2d Cir.1963) (per curiam) (holding that a proof of claim filed in one bankruptcy case against a corporation could not be deemed to have been filed in a bankruptcy case involving a subsidiary of the corporation).
 

 Liakas contends that he filed a timely, informal proof of claim because he allegedly had conversations with attorneys for the Creditors Committees of Deja Vu and Harbor House during which he requested that they “attend to” his contract. However, there is no evidence that Liakas presented to them any
 
 written
 
 instrument that could be construed as a contract claim against Deja Vu.
 
 See
 
 Bankruptcy Rule 3001(a) (a proof of claim is “a written statement setting forth a creditor’s claim_”). Unlike
 
 Matter of Neisner Brothers, Inc.,
 
 2 B.R. 472 (Bankr.S.D.N.Y.1979), upon which Liakas relies, there is nothing in the record to indicate that Liakas made a timely, explicit demand against Deja Vu’s estate based on his contract claim. In addition, unlike
 
 Neisner,
 
 there is no evidence in the record to indicate that an agency relationship existed between the attorneys with whom Liakas spoke and the debtor, Deja Vu. Thus, Liakas has not established that a delivery of an informal proof of claim to those attorneys could be considered a proper, timely filing under Bankruptcy Rule 5005(b).
 
 [2]
 

 Citing Bankruptcy Rule 3002(c)(4), Liakas asserts that the Bankruptcy Court should have instructed him to file a proof of claim within 30 days after the June 10, 1982, hearing at which he states his contract was rejected. However, Rule 3002(c)(4), which does not refer to a 30 day period, is part of a provision that specifies the time for filing proofs of claim in Chapter 7 and Chapter 13 cases. The time requirements for filing proofs of claim in Chapter 11 cases are set forth in Rule
 
 *179
 
 3003(c)(3). There is nothing in the language of Rule 3002(c)(4) or in the Advisory Committee Notes to Rules 3002 and 3003 to indicate that Rule 3002(c)(4) applies to Chapter 11 proceedings.
 

 Even assuming,
 
 arguendo,
 
 that Rule 3002(c)(4) is applicable, the rule imposes no duty on the Bankruptcy Court to instruct a creditor to file a proof of claim arising from the rejection of an executory contract. That rule merely allows the court to fix an appropriate time for the filing of such claims. In addition, the court’s failure in this case to instruct Liakas to file a proof of claim within 30 days after the June 10 hearing was of no consequence. The court set January 30, 1984, as the bar date by which proofs of claim had to be filed. Lia-kas does not dispute that he received notice of that date. Thus, Liakas had much more than 30 days after the June 10 hearing in which to file a proof of claim.
 

 Liakas asserts on appeal that part of his contract claim should be treated as an administrative expense. However, he presents no reasons why his claim should now be considered an administrative expense. There is no indication in the record that Liakas alleged in the Bankruptcy Court that his claim should be treated as an administrative expense, or that he filed with the Bankruptcy Court a request for payment under 11 U.S.C. § 503(a). Having failed to raise that issue in the Bankruptcy Court, we will not consider it on appeal.
 

 Finally, Liakas’s contention that the Bankruptcy Court failed to address his entire claim against Harbor House during the Harbor House bankruptcy proceedings is not properly before us. That issue involves a determination made in other bankruptcy cases involving different debtors (Harbor House Realty Corp. and Harbor House Operating Corp.). This appeal does not involve any order or judgment rendered in those cases.
 

 The order of the district court is affirmed.
 

 [1]
 

 . Liakas’s reliance on
 
 Matter of Waddell,
 
 21 B.R. 450 (Bankr.N.D.Ga.1982) also is misplaced. Unlike the instant case, which involved proceedings under Chapter 11,
 
 Waddell
 
 involved Chapter 13 proceedings. In addition,
 
 Waddell
 
 did not even mention or discuss the statement of executory contracts.
 

 [2]
 

 . To the extent Liakas argues that the mere listing of his contract in the statement of exec-utory contracts constituted a sufficient proof of claim, we find no merit to that argument.