In re WHEATFIELD BUSINESS PARK, LLC, Debtor.

Hi–Tech Communications Corp., Appellant,

v.

Poughkeepsie Business Park, LLC, Appellee.

BAP No. CC–03–1282–MePMo.
Bankruptcy No. LA 02–21691–SB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Jan. 22, 2004.

Filed April 2, 2004.

Anthony Friedman, Rein, Evans & Sestanovich, LLP, Los Angeles, CA, for Hi-Tech Communications Corporation.

Michael H. Weiss, Fainsbert, Mase & Snyder, LLP, Los Angeles, CA, for Poughkeepsie Business Park, LLC.

Before MEYERS [1], PERRIS and MONTALI, Bankruptcy Judges.

### *OPINION*

MEYERS, Bankruptcy Judge.

### I

Creditor Hi–Tech Communications Corporation ("Appellant") appeals the bankruptcy court's order granting the motion of Poughkeepsie Business Park ("Debtor") to disallow Appellant's claim in its entirety because Appellant failed to timely file a proof of claim. We REVERSE.

### II

### FACTS

The relevant facts are undisputed. Debtor filed a petition for relief under Chapter 11 [2] on April 22, 2002. Appellant was listed in the schedules as an unsecured creditor with a contingent, unliquidated and disputed claim, and therefore required to file a proof of claim under Rule 3003(c)(2). The bankruptcy court set September 30, 2002, as the deadline to file claims [3]. Notice of the Debtor's Chapter 11 filing and the claims deadline was sent to the Appellant in care of Lou Lewis, an

---

1. The Honorable James W. Meyers, Bankruptcy Judge for the Southern District of California, sitting by designation.

2. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

3. The deadline was later extended to October 15, 2002.

attorney who represented Appellant in a suit against the Debtor which was filed in New York.

On July 10, 2002, Mr. Lewis sent a proof of claim to the Office of the United States Trustee for the Central District of California ("UST"), with a copy to Debtor's counsel. On July 12, 2002, the UST returned the proof of claim to Mr. Lewis with a letter instructing him to file the proof of claim with the clerk of the bankruptcy court for the Central District of California where Debtor's Chapter 11 case was pending.

No further action was taken on the claim until Mr. Lewis received a letter from Debtor's counsel on March 18, 2003. The letter stated that Appellant had not filed a timely proof of claim, but Debtor would like to resolve the litigation matter. On March 19, 2003, Mr. Lewis sent the original proof of claim by Federal Express to the bankruptcy court for the Central District of California.

Debtor filed a motion to disallow Appellant's proof of claim as untimely. Debtor did not allege that any prejudice would arise if the claim were allowed, but simply relied on the fact that no claim was filed with the court by the deadline. The Debtor's motion was sustained after a brief hearing on April 29, 2003. The bankruptcy court did not issue any formal findings of fact or conclusions of law, but stated two reasons for the ruling on the record. First, Appellant's counsel pointed out that Mr. Lewis had inadvertently sent the proof of claim to the U.S. Trustee's office, with a copy sent to Debtor's counsel, which was acknowledged. The bankruptcy judge stated "I'm aware of that sir. It wasn't filed with the Court, which is what's required."

The second point made was that Appellant was in its own Chapter 11 bankruptcy case in New York[4] and there had been no order granting relief from stay. In response, the Court stated "that's of no consequence here, sir. Hi–Tech is a claimant here. That's the role of a plaintiff. The automatic stay doesn't apply to plaintiffs, or it doesn't apply when plaintiffs get automatic stays. It only applies when defendants get automatic stays."

## III

### STANDARD OF REVIEW

A bankruptcy court's determination that the automatic stay has been violated is a question of law subject to *de novo* review. *In re Miller*, 262 B.R. 499, 502 (9th Cir. BAP 2001). The existence of an informal proof of claim also involves a question of law reviewed *de novo*. *In re Edelman*, 237 B.R. 146, 150 (9th Cir. BAP 1999); *In re Anderson–Walker Industries, Inc.*, 798 F.2d 1285, 1287 (9th Cir.1987). We review for abuse of discretion the bankruptcy court's decision of whether, in the interest of justice, the filing of a proof of claim should relate back under *Rule 5005(c)*. *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir.1985). The court abuses its discretion if it bases its ruling "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

## IV

### DISCUSSION

#### A. *Automatic Stay*

Appellant contends that the Debtor was required to obtain relief from the au-

---

**4.** Appellant filed a Chapter 11 petition in the bankruptcy court for the Southern District of New York on May 28, 2002, but did not inform Debtor of the filing.

tomatic stay in Appellant's bankruptcy case before objecting to the claim. We disagree. The bankruptcy court correctly decided that Debtor did not violate the automatic stay in Appellant's Chapter 11 by objecting to the claim filed in Debtor's case. Appellant was the claimant, and the automatic stay does not apply under such circumstances. *In re Way,* 229 B.R. 11, 13 (9th Cir. BAP 1998); *In re Merrick,* 175 B.R. 333, 338 (9th Cir. BAP 1994).

## B. *Informal Proof of Claim and Rule 5005(c)*

Appellant also argues that when Mr. Lewis sent a copy of the proof of claim to Debtor's counsel, it constituted an informal proof of claim subject to amendment. In addition, Appellant contends that sending the proof of claim to the UST rather than the bankruptcy court was inadvertent, and the UST was required by Rule 5005(c) to transmit the paper to the bankruptcy court rather than return it to Mr. Lewis. Had the UST complied with Rule 5005(c), the claim would have been timely filed with the bankruptcy court.

Debtor responds that Appellant is raising the issue of an informal proof of claim for the first time on appeal, and only relied on Rule 5005(c) before the bankruptcy court. As a result, Debtor submits that Appellant is precluded from raising the issue on appeal. *CDN Inc. v. Kapes,* 197 F.3d 1256, 1258 (9th Cir.1999).

■■ Generally, the Panel cannot consider arguments that were not raised or briefed before the bankruptcy court. However, "the Panel has discretion to consider an argument raised for the first time on appeal if the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *In re Pike,* 243 B.R. 66, 69 (9th Cir. BAP 1999); *In re Pizza of Hawaii, Inc.,* 761

F.2d 1374, 1379 (9th Cir.1985)(finding the district court did not abuse its discretion in ruling that creditor had established an amendable informal proof of claim when bankruptcy court had not ruled on the issue).

■ We will address the issue of whether the Appellant fulfilled the requirements of submitting an informal proof of claim. The cases which consider the allowance of informal proofs of claim look at two different issues. The first is whether the information in the documents sent by the creditor is sufficient to constitute an informal proof of claim. The second is the adequacy of the filing, which is determined by looking to Rule 5005(c) and where the documents at issue were sent.

Rule 5005(c) is titled "ERROR IN FILING OR TRANSMITTAL" and provides:

A paper intended to be filed with the clerk but erroneously delivered to the United States trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. ... In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk or transmitted to the United States trustee as of the date of its original delivery.

Appellant clearly raised the issue of the adequacy of the filing to the bankruptcy court.

■ The Ninth Circuit Court of Appeals has published several decisions over the years which deal with informal proofs of claim and the relation back of documents under Rule 5005(c) and its predecessors. "For a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and amount of

the claim against the estate, and evidence an intent to hold the debtor liable." *In re Holm,* 931 F.2d 620, 622 (9th Cir.1991). A significant part of this case law wrestles with the issue of whether the documents presented are sufficient to constitute an informal proof of claim. The irony in this case is that the document submitted was in fact a formal proof of claim rather than some less precise writing. There is a dearth of authority with facts similar to this case because no one reasonably would have anticipated that the UST would ignore the clear directive of Rule 5005(c) to forward the claim to the clerk of the bankruptcy court rather than return it to Appellant's counsel. Without other guidance, the analysis in the cases concerning the adequacy of the filing of an informal proof of claim aptly applies to the erroneous filing of a formal proof of claim.

■ A document relied upon as an informal proof of claim need not be filed with the court. *In re Franciscan Vineyards, Inc.,* 597 F.2d 181, 183 (9th Cir.1979)(finding county's letter sent to the trustee qualified as an informal proof of claim); *Sambo's Restaurants,* 754 F.2d at 816–17 (complaint filed in violation of the automatic stay and served on debtor-in-possession qualified as informal proof of claim); *Anderson–Walker,* 798 F.2d at 1288 (letter sent to Trustee's attorney was amendable informal proof of claim).

The copy of the proof of claim sent by Appellant's attorney to Debtor's counsel and the original sent to the UST clearly satisfied the requirements for adequate information. The proof of claim was in writing, contained a specific amount for a debt arising from a lease, and indicated an intent to hold Debtor liable for the claim.

The other component is the adequacy of the filing by sending the claim to the UST and Debtor's counsel, rather than the bankruptcy court. The bankruptcy court

ruled that since the claim was not filed with the court, it was not allowed. The court did not make any findings concerning the "interests of justice" to allow the claim to relate back under Rule 5005(c). Indeed, a review of the briefs filed by Debtor in the bankruptcy court reveals that Debtor did not set forth any prejudice that would occur if the claim were allowed at that time.

■ Rule 5005(c) imposes a responsibility upon the UST to forward the proof of claim to the bankruptcy court. The UST failed to do so in this case, and instead returned the original claim to Appellant's counsel. Had the UST submitted the claim to the bankruptcy court "forthwith", it would have been timely filed since the deadline did not expire until three months later. While Appellant's counsel was also at fault, the circumstances of this case fall within the broad parameters to allow the amendment and relation back of a proof of claim which the Court of Appeals has delineated over the years.

Rule 5005(c) dates back to the Bankruptcy Act of 1898, and General Order 21, which provided "proofs of debt received by any trustee shall be delivered to the referee to whom the cause is referred." *Anderson–Walker,* 798 F.2d at 1289. The Supreme Court analyzed this "order to be equivalent to saying that proofs of debt (or claim) may be received by the trustee. When they are so received by him they are in legal effect received by the court, whose officer the trustee is." *J.B. Orcutt Company v. Green,* 204 U.S. 96, 102, 27 S.Ct. 195, 51 L.Ed. 390 (1907). Over the years, the rule has been modified as Rule 509(c) and 5005(b), to reach the current rendition. The Rule has been expanded to apply to documents other than proofs of claim, and to officers of the court beyond the trustee, including the UST, the attorneys for the trustee or debtor in possession, and

judges. In addition, Rule 5005(a) provides the clerk with no discretion to reject a document based on form.

The Court of Appeals has "consistently applied the 'so-called rule of liberality in amendments' to creditors' proofs of claim so that the formal claim relates back to a previously filed informal claim." *Holm*, 931 F.2d at 622, citing *Anderson–Walker*, 798 F.2d at 1287. The Court of Appeals has also rejected attempts to restrict the long established liberal policy toward amendment of informal proofs of claims by superimposing a narrow reading of the "intent to file" requirement found in Rule 5005(c), and its predecessors, Rule 509(c) and General Order 21. "As we interpret this language, the Rule only requires that the creditor intend that the paper will become a part of the bankruptcy court proceedings and receive some official action." *Anderson–Walker*, 798 F.2d at 1288. "The drafters of Rule 509(c) did not intend that it would alter the former practices regarding amended proofs of claim." *Anderson–Walker*, 798 F.2d at 1289. "In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity." *Sambo's Restaurants*, 754 F.2d at 816–17.

After reviewing the analysis set forth in the decisions issued by the Court of Appeals, the Panel can discern no reason to treat a misdirected formal proof of claim differently from the letters and pleadings upheld as claims in those decisions. This is particularly true in a Chapter 11 case, given the more flexible standard applied to the court imposed claims bar date in Chapter 11 as distinguished from the more stringent requirements in Chapter 7. *Cf.*

*Pioneer Investment Services Co. v. Brunswick Assoc. Limited Partnership*, 507 U.S. 380, 382–83, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) with *Edelman*, 237 B.R. at 152.

In Debtor's Brief to this Panel, it claimed there would be prejudice if the claim were allowed because the disclosure statement was approved and the plan sent out for vote. Debtor also argued there would be further delay in the case because Debtor would object to the claim on the merits if it was not disallowed as untimely. At oral argument, Debtor's counsel informed the Panel that a plan of reorganization has now been confirmed in Debtor's Chapter 11 and funds were disbursed under the plan. As a result, Debtor contends that to allow the claim at this time will prejudice the estate and the creditors that complied with the bar date. Counsel was not able to answer the Panel's inquiries as to whether this claim and appeal were addressed in the plan and disclosure statement, or whether the plan distribution was a fixed sum or additional money would be disbursed to Appellant if the claim were allowed.

On this record, the Panel cannot determine that this appeal is moot, or that to allow the claim would result in prejudice. The Court of Appeals has recognized "our decision does place one who delivered an amendable, informal proof of claim in the same position as those who have properly filed formal proofs of claim, but we see no more prejudice from this practice now than we did when we decided *Sun Basin Lumber [v. United States*, 432 F.2d 48 (9th Cir.1970)]." *Franciscan Vineyards*, 597 F.2d at 183. Debtor has not shown prejudice of a type that has been recognized by the Court of Appeals to create any exception to the liberal policy of allowing amendments to an informal proof of claim, or a formal claim to relate back to the date of an erroneous filing under Rule 5005(c).

## V

### CONCLUSION

Appellant's proof of claim was timely filed with an officer of the court when it was received by the UST. The UST was required by Rule 5005(c) to forward the proof of claim to the court, at which point it would have been timely filed with the clerk. Furthermore, by sending a copy of the proof of claim to Debtor's counsel before the deadline to file a claim expired, Appellant fulfilled the requirements of presenting an informal proof of claim which is subject to amendment by the filing of a formal proof of claim. Because the bankruptcy court did not apply the applicable law in this circuit, we REVERSE the order disallowing Appellant's claim as untimely.