**In the Matter of Billy J. HARRIS, Dorothy E. Harris.**

**No. 04–11317.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 24, 2006.

Donald Aikman, Fort Wayne, IN, trustee.

Edmund P. Kos, Steven J. Bradford, Kos & Associates, Fort Wayne, IN, for creditor.

### *DECISION ON TRUSTEE'S OBJECTION TO A LATE CLAIM*

ROBERT E. GRANT, Bankruptcy Judge.

In this case, which is pending under Chapter 13 of the United States Bankruptcy Code, the trustee has objected to a claim filed by Three Rivers Federal Credit Union because it was filed after the claims bar date. In response, the Credit Union contends that, for equitable reasons, the court should rely upon Rule 5005(c) of the Federal Rules of Bankruptcy Procedure and treat the claim as having been timely filed or should consider it as an amendment to an earlier, informal proof of claim which relates back to the earlier date. The matter has been submitted to the court for a decision on stipulations of fact and the briefs of counsel.

The debtors filed their petition for relief under Chapter 13 on March 25, 2004, as a result of which a meeting of creditors was scheduled and a deadline for filing proofs of claim was established. That deadline was August 2, 2004. About a month before the deadline passed, on July 6, 2004, Three Rivers Federal Credit Union filed a proof of claim. If that were all, the story would end there. But there is a bit more. The claim was not filed in this case, but in an earlier case Mr. Harris had filed—case number 03–11133—which had been dismissed on February 10, 2004. Because of a scrivener's error the claim was prepared with the caption of the earlier case and then electronically filed under that case number. After the Credit Union realized the error, it filed a proof of claim in this case on May 25, 2005, but by that time the claims deadline had passed.[1]

Although claims, even late claims, are deemed allowed unless objected to, 11 U.S.C. § 502(a); *Matter of Jensen*, 232 B.R. 118 (Bankr.N.D.Ind.1999), one of the statutorily prescribed reasons for denying a claim is that it is late. 11 U.S.C. § 502(b)(9). The Seventh Circuit has also made it quite clear that the court has no equitable power to allow late claims except under the circumstances specified by the Bankruptcy Code and the applicable rules

---

1. The notice of electronic filing generated as a result of the filing in the earlier case bore the following statement: "Warning: Case Closed on April 20, 2004." Why the Credit Union did not immediately realize that its claim had been filed in the wrong case is not explained.

of procedure. *Matter of Greenig,* 152 F.3d 631, 635 (7th Cir.1998). Here, there can be no denying that the Credit Union's claim was late. Accordingly, it faces the task of persuading the court that the trustee's objection should not be sustained and it must do so using something more concrete than generalized pleas to equity.

The Credit Union's first argument is that the court should exercise its discretion and, using Rule 5005(c) of the Federal Rules of Bankruptcy Procedure, treat the claim as though it had been filed on July 6, 2004 when it was mistakenly filed in the earlier case. "In the interest of justice," that rule permits "a paper intended to be filed with the clerk, but erroneously delivered to the [wrong official]" to "be deemed filed with the clerk [of the bankruptcy court] as of the date of its original delivery." Fed. R. Bankr.P. Rule 5005(c). The rule essentially gives the court the discretion to backdate the filing of a document and treat it as though it had been filed as of the date of the original, albeit erroneous, delivery to someone other than the clerk. *In re Outboard Marine Corp.,* 386 F.3d 824, 828 (7th Cir.2004). Its purpose is to overcome any unfairness that might be perceived if a claim is denied because a creditor, confusing the role of the trustee with that of the court, mistakenly submits the claim to the trustee instead of filing it with the court. William L. Norton, Jr., Norton Bankruptcy Law and Practice 2d: Bankruptcy Rules, Rule 5005, Editor's Comment (c), at 364–65 (2005–2006 ed.). Counsel's argument overlooks the first predicate for the rule's application—the document must have been erroneously delivered to someone other than the clerk of the bankruptcy court. The problem here does not involve to whom the claim was delivered but, instead, where the creditor chose to place that claim when it was first submitted for filing—in Mr. Harris' prior case, rather than in this one. There was no erroneous delivery and without that there is no basis for invoking Rule 5005(c). *See, Matter of Evanston Motor Co. Inc.,* 735 F.2d 1029, 1032 (7th Cir.1984).

The Credit Union's second argument is also unavailing. It contends that the original proof of claim should be construed as an "informal proof of claim" which was subsequently "amended" by the proof of claim filed in this case, with the result that the "amended claim" relates back to the date of the earlier filing and is, therefore, timely. *See e.g., In re M.J. Waterman & Associates, Inc.* 227 F.3d 604, 608 (6th Cir.2000); *In re Wigoda,* 234 B.R. 413, 415 (Bankr.N.D.Ill.1999); *In re Scott,* 227 B.R. 832 (Bankr.S.D.Ind.1998). The concept of an "informal proof of claim is an equitable doctrine developed by the courts to ameliorate the strict enforcement of the claims bar date." *Wigoda,* 234 B.R. at 415. Its purpose

> is to alleviate problems with form over substance; that is equitably preventing the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code in the filing of a Proof of Claim, when, in fact, pleadings filed by the party asserting the claim during the claims filing period in a bankruptcy case puts [sic] all parties on sufficient notice that a claim is asserted by a particular creditor.

*Waterman & Associates,* 227 F.3d at 609 (quoting *In re WPRV–TV, Inc.,* 102 B.R. 234, 238 (Bankr.E.D.Okla.1989)). Whether or not an otherwise untimely claim will be allowed to relate back to the date of an earlier informal claim is a matter committed to the court's discretion. *Waterman & Associates,* 227 F.3d at 607; *Matter of Stavriotis,* 977 F.2d 1202, 1204 (7th Cir.1992).

Given the doctrine's equitable origins, a strict application of the Seventh

Circuit's holding in *Greenig*—that the court does not have the equitable power to allow a late-filed claim outside the exceptions contained in Rule 3002(c), *Greenig,* 152 F.3d at 635—would seem to foreclose further consideration of the issue. There is nothing in Rule 3002(c) that even alludes to the concept of an informal claim, or to an amendment to a claim relating back to an earlier date, and the court's ability to enlarge the time for filing a proof of claim in cases under Chapter 13 is permitted "only to the extent and under the conditions" stated in that rule, Fed R. Bankr P. Rule 9006(b)(3), none of which apply here. While the concept of an amendment to a claim relating back to an earlier date is congruent with Rule 15(c) of the Federal Rules of Civil Procedure—Bankruptcy Rule 7015—and, at least to some extent, seems to arise out of that rule, *see, Matter of Plunkett,* 82 F.3d 738 (7th Cir.1996); *Stavriotis,* 977 F.2d 1202; *Matter of Unroe,* 937 F.2d 346 (7th Cir.1991), Rule 15 does not apply to contested matters such as claims proceedings, Fed. R. Bankr.P. Rule 9014, and if the court were to utilize it to authorize belated claims that would seem to run afoul of the restrictions imposed by Bankruptcy Rules 9006(b) and 3002(c). Nonetheless, the Seventh Circuit has recognized the concept of an informal claim, *Wilkens v. Simon Brothers, Inc.,* 731 F.2d 462, 464–65 (7th Cir.1984); *In re Pacific Lumber & Fuel Co.,* 194 F.2d 995 (7th Cir.1952), and has validated the bankruptcy court's use of that equitable authority to salvage otherwise untimely claims, even in cases under Chapter 13. *Matter of Unroe,* 937 F.2d at 349–51. At the same time, however, the Seventh Circuit has also issued decisions, such as *Greenig,* that seem to be highly critical of the concept. *See also, Plunkett,* 82 F.3d 738; *Stavriotis,* 977 F.2d at 1206–07. While these seemingly conflicting decisions can all be harmonized, distinguished or explained, they persuade the court that it should approach the concept of an informal proof of claim with a degree of caution and that the doctrine should not be applied too liberally. Instead, it should be tethered rather closely to its roots and to its original purpose which was to allow an amendment in order to correct some kind of technical defect in the earlier claim. *See, Hutchinson v. Otis, Wilcox & Co.,* 190 U.S. 552, 555, 23 S.Ct. 778, 779, 47 L.Ed. 1179 (1903); *Pacific Lumber,* 194 F.2d 995. *See also, Waterman & Associates,* 227 F.3d at 608–09; *In re International Horizons, Inc.* 751 F.2d 1213, 1216 (11th Cir. 1985). Any other approach would risk allowing equitable exceptions to swallow the rule, rendering the claims bar date potentially meaningless. *See, Stavriotis,* 977 F.2d at 1206.

■ Most of the reported decisions dealing with informal claims focus on whether the original document contains a sufficiently explicit demand, with enough information about the nature of the debt and the amount due, demonstrating an intent to hold the bankruptcy estate liable for payment, to qualify as a claim that can subsequently be amended to correct any shortcomings. *See e.g., International Horizons,* 751 F.2d at 1217–18; *In re Scott,* 227 B.R. 832 (Bankr.S.D.Ind.1998); *In re Key,* 64 B.R. 786 (Bankr.M.D.Tenn.1986). That is not the situation here because the Credit Union's claim was filed on the official form and contains all of the information required for a formal proof of claim. We do not even need to debate whether the informal claim must be filed with the court, because this one was; it was simply filed in the wrong case. Instead, the question is whether the informal claim must be submitted in connection with the bankruptcy case in which the "amended claim" is now being asserted. The court holds that it must.

■ The theoretical foundation that makes the informal proof of claim doctrine workable is that the belatedly filed formal proof of claim can relate back to an earlier submission. It may overstate the obvious a bit, but before a filing can relate back to something else, there must be something in the record to which it can be related. Without an earlier submission, there is nothing that is capable of being amended, *In re South Atlantic Financial Corp.*, 767 F.2d 814, 819 (11th Cir.1985), and nothing the later filing can relate back to. *See, Farzana K. v. Indiana Department of Education*, 2005 WL 3501703 *5–6 (N.D.Ind.). "A proof of claim formal or informal, filed in one case has no effect as a claim in another case. To be effective, a claim against a debtor must appear of record in the debtor's case." *In re Northeast Office & Commercial Properties, Inc.*, 178 B.R. 915, 919 (Bankr.D.Mass.1995). *See also, In re Brill*, 52 F.2d 636, 638–39 (S.D.N.Y. 1931); *In re Wigoda*, 234 B.R. 413, 415 (Bankr.N.D.Ill.1999)(an informal proof of claim must have been timely filed and become part of the record).

■ One of the requirements for an informal claim is that it must contain a demand against the bankruptcy estate and demonstrate an intent to hold the estate liable. *Liakas v. Creditors' Committee of Deja Vu, Inc.*, 780 F.2d 176, 178 (1st Cir. 1986). The bankruptcy estate is created when the case is first commenced. 11 U.S.C. § 541(a). As a result, the bankruptcy estate created on the date one petition is filed is not the same as the estate that is created on an entirely different date when another petition is filed, even if those petitions involve the same debtor. The truth of this aphorism becomes particularly apparent when, as here, the cases are separated by more than a year. Consequently, unless multiple cases would be consolidated, *see*, Fed R. Bankr P. Rule 1015, it is very difficult to see how a proof of claim submitted in one case could constitute a demand against an entirely different bankruptcy estate. *See, Liakas*, 780 F.2d at 178.

The court acknowledges that the reported decisions are by no means unanimous on this point. *In re Firearms Import and Export Corp.*, 131 B.R. 1009 (Bankr. S.D.Fla.1991) came to precisely the opposite conclusion and the Bankruptcy Appellate Panel for the Ninth Circuit allowed a claim that had not been filed with the court to be treated as an amendable informal proof of claim in *In re Wheatfield Business Park, LLC*, 308 B.R. 463 (9th Cir.BAP2004). Yet both of those cases were pending under Chapter 11 where the court has substantially more flexibility and can allow otherwise untimely claims based upon excusable neglect under Rule 9006(b), something the court cannot do under Chapter 13. The *Wheatfield* court also relied heavily on Rule 5005(c) and the timely delivery of the claim to the U.S. Trustee, which the U.S. Trustee then proceeded to mishandle. *Id.*, at 467–69. Finally, those courts, particularly *Wheatfield*, may simply have been willing to approach the issue with a greater degree of liberality than this court is inclined to apply. *Id.*, at 468. This court's more rigorous approach is justified not only by the Seventh Circuit's position on the issue but also by recognition of the fact that a bit more attention to detail—whether in the preparation of the original claim or heeding the warning contained in the electronic filing receipt that the court issued when that claim was filed—would have avoided this entire problem. *See, Plunkett*, 82 F.3d at 742 (inattentiveness to litigation is not excusable); *Wilkens*, 731 F.2d at 464 (neglect does not justify an extension).

The trustee's objection is well-taken and will be sustained. Claim number 22 filed

by Three Rivers Federal Credit Union will be denied. An order doing so will be entered.