WOOD, Chief Judge.
After Edward Pajian filed for bankruptcy, Lisle Savings Bank, one of Pajian’s creditors, filed a proof of claim in the bankruptcy court. This is standard procedure, but there was a hiccup: the Bank missed the bankruptcy court’s deadline for filing such proofs by several months. The court had set the deadline in accordance with Federal Rule of Bankruptcy Proce *1162 dure 3002(c), which requires creditors to file proofs of claim within 90 days of the date set for the meeting of the debtor’s creditors. The Bank excused its tardiness with the argument that Rule 3002(c) applies only to unsecured creditors; as a secured creditor, it asserted, it was entitled to file a proof of claim at any time, at least until plan confirmation. The bankruptcy court agreed with the Bank and overruled Pajian’s objection to the Bank’s claim. We now reverse that decision and hold that a secured creditor must file its proof of claim by the 90-day deadline specified by Rule 3002(c).
I
Edward Pajian filed a voluntary Chapter 13 bankruptcy petition on June 25, 2013. The bankruptcy court clerk mailed a “Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines” to Pajian’s creditors, including Lisle Savings Bank. The notice instructed non-governmental creditors to file all proofs of claim by October 15, 2013, 90 days after the date set for the meeting of Pajian’s creditors. See Fed. R. Bankr. P. 3002(c). Missing the deadline by more than three months, the Bank filed a proof of claim for $330,472.19 on January 21, 2014. Its claim covered two debts. One was a secured debt for the first mortgage on a commercial property located in Lisle, Illinois; Pajian owned a one-half interest in the property. The second was an unsecured debt for a deficiency judgment resulting from a state foreclosure proceeding on a residential property in Naperville, Illinois.
The bankruptcy court docketed the Bank’s claim as Claim No. 5. Pajian filed an objection to the claim, arguing that it. was barred from inclusion in his Chapter 13 plan because the Bank had missed the deadline imposed by Rule 3002(c). The Bank countered vidth three arguments: 1) that - a secured creditor does not need to file a proof of claim in order to secure distributions under a Chapter 13 plan, 2) that a pleading it had submitted to the court before the deadline amounted to an “informal” proof of claim, and 3) that the Rule 3002(c) deadline is inapplicable to secured claims. The bankruptcy court rejected the first and second arguments but accepted the third, concluding that a secured creditor seeking distribution under a debtor’s plan need only file a proof of claim before the plan’s confirmation. The court thus sustained Pajian’s objection with respect to the unsecured portion of the claim, but overruled his objection as to the secured portion and deemed that latter portion allowed (in the amount of $233,229.68). Pajian took a direct appeal to this court to contest the bankruptcy court’s decision to allow the secured portion of the claim.
The bankruptcy court had jurisdiction over this matter pursuant to 28 U.S.C. § 157, which permits bankruptcy courts to hear and determine “core proceedings,” such as an objection to a proof of claim. See 28 U.S.C. § 157(b)(1), (b)(2)(B). We have jurisdiction to hear this direct appeal from the bankruptcy court by virtue of 28 U.S.C. § 158(d)(2)(A), which allows courts of appeals to hear appeals of bankruptcy court orders when, among other things, the order involves “a question of law as to which there is no controlling decision,” “a question of law requiring resolution of conflicting decisions,” or “a matter of public importance.” 28 U.S.C. § 158(d)(2)(A)(i)-(ii). The bankruptcy court certified that Pajian’s appeal met these requirements; we agreed with that assessment and granted Pajian’s request to take a direct appeal. The appeal raises a legal question that requires this court to break new ground and resolve conflicting decisions among bankruptcy courts. It also involves a mat *1163 ter of public importance because this issue has been a thorn in the side of many Chapter 13 cases involving secured creditors. As this appeal involves only an issue of law, we review the bankruptcy court’s decision de novo. Adams v. Adams, 738 F.3d 861, 864-65 (7th Cir.2013).
II
Chapter 13 of the Bankruptcy Code allows debtors to retain some assets and pay off their debts with future income. See 11 U.S.C. § 1322. The debtor makes regular payments to a trustee pursuant to a plan that the debtor must file. See id. §§ 1321-1322. After the bankruptcy court confirms the plan, the trustee begins to distribute payments to creditors, as specified in the debtor’s plan. See Fed. R. BankrP. 3021. Once the debtor makes all of the payments required by the plan, the bankruptcy court discharges most of the debtor’s remaining debts. See 11 U.S.C. § 1328(a).
A creditor must file a proof of claim in order to participate in Chapter 13 plan distributions. See Fed. R. BankrP. 3021 (permitting distribution to creditors “whose claims have been allowed”); 11 U.S.C. § 502(a) (providing that a claim is “deemed allowed” when a proof of claim is filed under section 501); see also In re Brisco, 486 B.R. 422, 430 (Bankr.N.D.Ill. 2013); In re Strong, 203 B.R. 105, 112 (Bankr.N.D.Ill.1996). But while -all creditors — secured and unsecured — must file a proof of claim in order to receive distributions, a secured creditor who fails to do so can still enforce its lien through a foreclosure action, even after the debtor receives a discharge. See In re Penrod, 50 F.3d 459, 461-62 (7th Cir.1995). In other words, a secured creditor’s lien is largely unaffected by the bankruptcy discharge, regardless of whether the creditor filed a proof of claim. (As we noted in Penrod, there can be practical effects on the secured creditor that might induce it to participate in the bankruptcy, but they do not affect the issue before us.)
A debtor may object — and a court must disallow the claim — if the creditor’s proof of claim is not timely filed. See 11 U.S.C. § 502(a), (b)(9). Federal Rule of Bankruptcy Procedure 3002(c) notes that “a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors.” This subsection mentions six- exceptions to the 90-day deadline, but none is relevant here.
The issue before us is whether Rule 3002(c)’s deadline applies to all creditors or merely unsecured ones. The Bank argues, and the bankruptcy court held, that the Rule applies only to unsecured creditors. While the language of Rule 3002(c) at first appears to contradict this holding, reading Rule 3002 as a whole muddies the water a bit. Rule 3002’s first subsection, which requires the filing of a proof of claim or interest, applies specifically to unsecured creditors and does not mention secured creditors. See Fed. R. BankrP. 3002(a) (“An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed.”). In fact, Rule 3002 never expressly refers to “secured creditors.” This omission has led some to conclude that Rule 3002 in its entirety concerns only unsecured creditors. Bankruptcy courts have come to conflicting conclusions on the issue. Compare In re Dumain, 492 B.R. 140, 148-49 (Bankr.S.D.N.Y.2013) (Rule 3002(c) deadline applies to all creditors), and In re Dennis, 230 B.R. 244, 246-54 (Bankr.D.N.J.1999) (same), with In re Mehl, No. 04-85570, 2005 WL 2806676, at *2-3 (Bankr.C.D.Ill. Oct. 25, 2005) (secured creditors need not comply with the deadline, although there may be some point after which they cannot file a proof *1164 of claim), and Strong, 203 B.R. at 112-13 (Rule 3002(c) deadline does not apply to secured creditors).
We think the better interpretation is that all creditors — unsecured and secured alike — are bound by the Rule 3002(c) deadline. Subsection (c) on its face applies to any “proof of claim”; it does not distinguish between the claims of secured and unsecured creditors. The Bankruptcy Code defines “claim” as including both secured and unsecured claims, see 11 U.S.C. § 101(5)(A) (“claim” includes “right to payment, whether' or not such right is ... secured, or unsecured”), and the Bankruptcy Rules have adopted this definition. See Fed. R. BankrP. 9001 (incorporating § 101’s definitions). Further, Rule 3002(c) mentions both “elaim[s]” and “unsecured claim[s].” Compare Fed. R. BankrP. 3002(c)(3) (excepting from the 90-day deadline “[a]n unsecured claim which arises in favor of an entity ... ”), with Fed. R. BankrP. 3002(c)(4) (excepting from the deadline “[a] claim arising from the rejection of an executory contract ...”), See also Fed. R. BankrP. 3012 (using the term “secured claim”). The use of both terms in Rule 3002 suggests that the drafters knew how to distinguish between all claims and unsecured claims. That they did not specifically mention unsecured claims when setting forth the 90-day deadline in subsection (c) thus strongly implies that the deadline encompasses all claims (unless one of the six enumerated exceptions applies).
We recognize that subsection (a) is limited to unsecured creditors, but that fact does not undermine our conclusion. Subsection (a) deals with a different topic from the one addressed in subsection (c): the requirement to file a proof of claim so that the claim will be allowed. And it makes sense for subsection (a) to cover only unsecured claims. If an unsecured creditor does not file a proof of claim, it will not share in the recovery authorized under the plan and its claim will be discharged in bankruptcy. The same does not apply to secured creditors; secured debts are nondischargeable, and secured creditors can enforce their liens even if they do not participate in the debtor’s Chapter 13 plan. Subsection (a) is thus about who must file in order to collect on debts. There is no reason why its limitation to unsecured creditors should carry over to subsection (c).
Principles of sound judicial administration support this result. Requiring all creditors to file claims by the same date allows the debtor to craft and finalize a Chapter 13 plan without the concern that other creditors might swoop in at the last minute and upend a carefully constructed repayment schedule. If we held otherwise, secured creditors could wreak havoc on the ability of the debtor and the bankruptcy court to assemble and approve an effective plan. Each tardy filing from a secured creditor would likely require the debtor to file a modified plan, which would have to be served on all interested parties and considered by the court. All this would often lead to disruptive delays in plan confirmation hearings and would ultimately hinder the bankruptcy court’s ability to manage its docket. The bankruptcy court in the present case was concerned that a contrary conclusion might be inconsistent with this court’s decisions in Ernst & Young LLP v. Baker O’Neal Holdings, Inc., 304 F.3d 753 (7th Cir.2002), and Adair v. Sherman, 230 F.3d 890 (7th Cir. 2000). But those cases presented a different problem: whether a secured creditor is entitled to unravel a confirmed plan by an offer of proof after confirmation, when the bankruptcy court has retained jurisdiction to adjudicate remaining controversies. Here, we are grappling with the applica *1165 tion of Rule 3002, where a secured party files its offer of proof after the Rule 3002 deadline but before plan confirmation.
Finally, the recent proposal of the U.S. Judicial Conference’s Advisory Committee on Bankruptcy Rules to amend Rule 3002(a) supports our conclusion here. The Committee has recommended a clarification of this subsection so that it is evident that secured creditors, along with unsecured creditors, must file a proof of claim in order for their claims to be allowed. See Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, Civil, and Criminal Procedure 108 (Aug. 2014). The proposal also makes explicit that a secured creditor’s failure to file a proof of claim does not void the creditor’s lien. This amendment would remove all doubt that Rule 3002, including subsection (c)’s deadline, applies to secured creditors. In so doing, it would resolve the conflict among the bankruptcy courts in the manner we have found is most consistent with the Rules taken as a whole.
Ill
The deadline for filing a proof of claim in Federal Rule of Bankruptcy Procedure 3002(c) applies to all claims, including those of secured creditors. Because Lisle Savings Bank filed its proof of claim after the Rule 3002(c) deadline, the bankruptcy court should have disallowed the secured portion of the Bank’s claim. We therefore Reverse the order of the bankruptcy court overruling Pajian’s objection to the secured portion of the claim and Remand for farther proceedings consistent with this decision.