In the MATTER OF: Michael Andrew
BURNS, Lisa Ann Burns,
Debtors

CASE NO. 15–12794

United States Bankruptcy Court,
N.D. Indiana, Fort Wayne Division.

April 17, 2017

Steven J. Glaser, Marian C. Welling, Glaser & Ebbs, Fort Wayne, IN, for Debtors.

Leonard W. Copeland, Office of the United States Trustee, South Bend, IN, for U.S. Trustee.

## DECISION

Robert E. Grant, Chief Judge

On April 17, 2017.

Some years ago, this court observed:

There is just no good substitute for a proof of claim. By comparison to that clear and relatively simple demonstration that a pre-petition creditor should share in a distribution by the bankruptcy trustee, all arguments for some type of effective alternative finish, if at all, a distant second. Matter of Baldridge, 232 B.R. 394, 394 (Bankr. N.D. Ind. 1999).

In the present case, the court considers another alternative to a timely claim: whether some type of agreement or mutual desire between a debtor and a secured creditor can obviate the need for any claim whatsoever. See, In re Hrubec, 544 B.R. 397 (Bankr. N.D. Ill. 2016).

The debtors proposed, and the court confirmed, a chapter 13 plan that provides for the full payment, with interest, of secured claims held by the Fire Police City County Federal Credit Union on account

of the credit union's liens against the debtors' two motor vehicles. Unfortunately, the creditor failed to file a proof of claim within the time required and neither did the debtors.[1] After both deadlines had comfortably expired, the trustee filed motions for post confirmation modification, proposing to take the funds the plan allocated to the credit union's secured claims and distribute them to unsecured creditors. The debtors objected to the trustee's motions. They also filed belated claims on the credit union's behalf, to which the trustee objected as untimely. In the midst of this back and forth, the credit union finally became involved and filed belated objections to the motions to modify. The issues raised by the objections to the trustee's motions to modify the plan and the objections to the claims the debtors filed on behalf of the credit union have been submitted to the court on the parties' stipulations of fact and the briefs of counsel.

There is no dispute that all concerned received appropriate notice of the claims bar date, that the credit union failed to file a claim, or that the claims the debtors filed on its behalf were late. Despite § 502(b)(9), which states that late claims are denied, 11 U.S.C. § 502(b)(9), the debtors and the creditor argue that because they both want the credit union's secured claims to be paid in accordance with the terms of the confirmed plan, no claim of any kind was needed in order for that to happen; so timeliness should not

matter. The argument is based upon In re Hrubec, 544 B.R. 397 (Bankr. N.D. Ill. 2016), which held that "filing of a proof of claim was unnecessary and the filing deadline is therefore irrelevant" when a debtor "proposes a plan that includes payments to a secured creditor, and the creditor has no objection to its treatment under the proposed plan." Hrubec, 544 B.R. at 401. The argument and the authority upon which it is based could not be more wrong.[2] See, In re Heft, 564 B.R. 389 (Bankr. C.D. Ill. 2017).

Hrubec begins by dismissing the Seventh Circuit's statement in Pajian—"A creditor must file a proof of claim in order to participate in Chapter 13 plan distributions," In re Pajian, 785 F.3d 1161, 1163 (7th Cir. 2015)—as dictum and then ignores the circuit's earlier decision in Matter of Greenig, 152 F.3d 631 (7th Cir. 1998), which severely limited the court's authority regarding untimely claims, in order to craft an unnecessary solution to a problem the Bankruptcy Code and Rules already address—a secured creditor's failure to file a proof of claim.

In Pajian, the court confronted the issue of whether secured creditors were required to file claims by the bar date. It concluded that they were and if objected to "the court must disallow" the untimely claim. Pajian, 785 F.3d at 1163. It began its analysis with the statement Hrubec so casually dismisses: "A creditor must file a proof of claim in order to participate in

---

1. If a creditor fails to file a timely claim, the debtor (or the trustee) may do so on its behalf within 30 days after the expiration of the creditor's deadline. 11 U.S.C. § 501(c); Fed. R. Bankr. P. Rule 3004.

2. To the extent Hrubec reaches a narrower conclusion—that a plan is not unconfirmable because it proposes payments on account of a secured claim that has not yet been filed and that is not cause to dismiss a case—the court would agree. The deadlines for filing plans, scheduling the confirmation hearing, and filing claims are not coordinated with each other; so it is not unusual to consider confirmation before the claims deadline has expired. See, 11 U.S.C. § 1324(b); Fed. R. Bankr. P Rule 3002(c), 3015(b); Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 216.1, Sec. Rev. June 7, 2004, www.Ch13online.com. Furthermore, even late claims are deemed allowed unless objected to, 11 U.S.C. § 502(a), and the fact that a claim has not yet been filed is no guarantee that it will draw an objection.

Chapter 13 plan distributions." Id. Rather than being dictum, that statement was the foundation of the court's analysis. There is no reason to consider whether a secured creditor must file a claim by the bar date if there are circumstances under which it need not file at all. The circuit also noted that the Bankruptcy Rule which establishes the claims bar date, Fed. R. Bankr. P. Rule 3002(c)(2), mentions six exceptions to that deadline (none of which applied), id., and those exceptions do not include some type of agreement between the debtor and the creditor or the provisions of a proposed plan.[3]

■ Pajian is completely consistent with the circuit's earlier decision in Matter of Greenig, 152 F.3d 631, 634 (7th Cir. 1998) ("§ 502(b)(9) bars untimely proofs of claims where none of the 3002(c) exceptions apply"), a decision Hrubec never mentions.[4] As here, Greenig involved the impact of plan provisions upon the claims bar date. There a Chapter 12 debtor's proposed plan recognized United Feeds as "an unsecured creditor holding an allowed claim" which would receive payments from the debtors in accordance with an attached schedule that included United. Id. at 632. Relying on the fact that it was listed in the confirmed plan as having an allowed claim, United Feeds did not file a claim within the time required. Id. at 632. In appealing the district court's decision that its late claim should be denied, United argued that the binding effect of the confirmed plan which provided for payments on account of its claim excused the late filing. The court of appeals rejected the argument. It held that the bankruptcy court lacked equitable authority to allow a late claim and so had

acted improperly when it allowed equitable considerations to circumvent the requirements of Rule 3002(c). Id., at 635. If actual reliance upon the provisions of a confirmed plan, which is binding upon both debtors and creditors, will not salvage a late claim, it is difficult to see how the provisions of a plan the debtor hopes to confirm can dispense with one altogether.

■ Pajian makes clear that the same rules apply to both secured and unsecured creditors when it comes to filing claims. Pajian, 785 F.3d at 1164. They are bound by the same filing deadline and the court has no equitable power to excuse untimely claims because of equitable considerations. Yet, that is precisely what Hrubec did when it concluded that a claim was unnecessary and the bar date irrelevant: it allowed equitable considerations to circumvent that deadline. Not only is that contrary to circuit precedent, but approving "side deals" that exempt some creditors from rules others must observe risks undermining confidence in the bankruptcy process. See, Matter of Barnes, 969 F.2d 526, 529–30 (7th Cir. 1992); In re Brooks, 370 B.R. 194, 203 (Bankr. C.D. Ill. 2007) ("any erosion of the strict enforcement of the claim bar date would be unfair to those creditors who follow the rules and would also tend to . . . increase late claim litigation.").

■ The Bankruptcy Rules already address the situation Hrubec confronted and so there was no need for its solution to the problem. If a creditor fails to file a timely claim, the debtor may do so on its behalf, within the 30 days following the creditor's deadline. 11 U.S.C. § 501(c); Fed. R. Bankr. P. Rule 3004. Not only can the

---

3. The Ninth Circuit has come to the same conclusion. In re Barker, 839 F.3d 1189, 1193 (9th Cir. 2016) ("A secured creditor who wishes to receive distributions under a Chapter 13 plan must also file a valid proof of claim.").

4. Although Greenig was a chapter 12 case, the rules concerning claims are the same for both chapter 12 and chapter 13. See, Fed. R. Bankr. P. Rules 3002(c), 3004; In re Brooks, 370 B.R. 194, 198 (Bankr. C.D. Ill. 2007).

debtor file a claim for a non-filing creditor, the debtor can seek a belated extension of its own deadline "on motion ... where the failure to act was the result of excusable neglect." Fed. R. Bankr P. Rule 9006(b)(1). Hrubec ignores these rules and proceeds as though the opportunities they offer do not exist. Instead, it concludes that the debtor's desire to pay a secured creditor through a proposed plan can eliminate the need for filing a claim. Yet, if that were true one would think the Bankruptcy Code and Rules would say so explicitly, instead of making provisions for the debtor to file a claim on the creditor's behalf. The courts should not be devising alternative solutions to problems the Bankruptcy Code and applicable rules of procedure already address. See, Netzer v. Office of Lawyer Regulation, 851 F.3d 647 (7th Cir. 2017) ("Courts lack an 'equitable' power to contradict the bankruptcy statutes and rules.").

■ In closing, the credit union also argues that terms the terms of the debtors' confirmed plan relating to the payment of its claim constitute an admission or an informal proof of claim so that the claims the debtors subsequently filed are not really late. Yet, if the terms of a confirmed plan could salvage an otherwise untimely claim, Greenig should have come out much differently. The court has previously considered the issue of informal proofs of claim in great detail, see, In re Fink, 366 B.R. 870 (Bankr. N.D. Ind. 2007); In re Harris, 341 B.R. 660 (Bankr. N.D. Ind. 2006), and concluded:

[T]he concept should be tethered rather closely to its roots.

\* \* \* \*

Trimmed back to something more closely approximating the doctrine's original shape, an informal proof of claim is a defective claim. In other words, it is an effort to assert a claim against the bankruptcy estate which, usually for technical reasons, fails to fulfill the required formalities. It should not be found in a masquerade in which some other type of relief is sought and then subsequently unmasked to reveal what is argued to have been a proof of claim all along ...

\* \* \* \*

A permissible amendment must begin with the proposition that the avowed purpose of the original submission was an attempt to file a proof of claim; if so, then deficiencies or shortcomings in the original filing may be corrected. The court should not begin with a filing that was consciously designed to serve one purpose and then find within that document a different purpose altogether, thereby legitimizing an otherwise untimely claim. In re Fink, 366 B.R. 870, 876–77 (Bankr. N.D. Ind. 2006) (citations omitted).

The debtors' plan is not an informal proof of claim. It was designed to serve a very different purpose, was not an attempt at submitting a claim, and does not validate an otherwise untimely claim. Accord, Brooks, 370 B.R. at 200–04; Baldridge, 232 B.R. 394; Barker, 839 F.3d 1189 (debtor's schedules not an informal claim).

■ Section 502(b)(9) makes no distinction between claims filed by creditors and the claims debtors may file for them. When they are objected to, the late claims creditors file must be denied unless one of the exceptions found in the Rule 3002(c) applies. Pajian, 785 F.3d at 1163–64; Greenig, 152 F.3d at 634. There is no reason for a different result when the late claim has been filed by the debtor outside the extended time period given by Rule 3004.[5] The claims debtors filed for the

---

**5.** Although excusable neglect will allow the court to extend the debtor's Rule 3004 dead- line for filing claims after it has expired, Fed.

Credit Union were not timely and must be disallowed.

■■■ The fate of the objections to the trustee's motions to modify follows naturally from the decision concerning claims. Without an allowed claim, the credit union is not entitled to a distribution under debtors' confirmed plan, see, Pajian, 785 F.3d at 1163–64; Baldridge, 232 B.R. 394, and since the trustee will not be able to distribute the money that has been earmarked for the payment of its secured claims those funds will just sit somewhere. The failure to file a timely proof of claim can alter the provisions of a confirmed plan and, once allowed claims are established, adjustments may be required. See, Greenig, 152 F.3d at 635; In re Witkowski, 16 F.3d 739, 740–41 (7th Cir. 1994)). Section 1329 accommodates this possibility by allowing a confirmed plan to be modified to "increase or reduce the amount of payment on claims of a particular class provided for by the plan." 11 U.S.C. § 1329(a)(1).

That is all the trustee wants to do here: increase the payments to the unsecured creditor class to account for the inability to make a distribution to the Credit Union because it does not have an allowed claim. That is certainly a reasonable proposition and far better than the alternative of letting the funds accumulate to no good purpose. Cf. Germeraad v. Powers, 826 F.2d 962, 974 (7th Cir. 2016) (approval of a post confirmation is discretionary); Witkowski, 16 F.3d at 746 (same).

The trustee's objections to the claims filed on behalf of Fire Police City County Federal Credit Union are sustained and those claims will be denied. The trustee's motions for post confirmation modification are granted and the proposed modifications, filed on September 2, 2016, will be approved. An appropriate order will be entered.

R. Bankr. P. Rule 9006, the court has not been asked to do so.