**In re Robert Scott BOHRER, Debtor.**

No. 01–10541.

United States Bankruptcy Court,
N.D. California.

Aug. 2, 2001.

Christopher G. Metzger, Law Offices of Christopher G. Metzger, Eureka, CA, for Debtor.

Michael H. Meyer, Santa Rosa, CA, trustee.

### *Memorandum*

ALAN JAROSLOVSKY, Bankruptcy Judge.

In this Chapter 13 case, debtor Robert Bohrer originally scheduled his monthly expenses at $2,073.55. He proposed a plan which provided for a dividend of about 10% to his unsecured creditors. Upon examining Bohrer, the trustee discovered that he had understated his monthly income by several hundred dollars. In response, the debtor amended his schedules twice, first to change his monthly expenses to $2,143.55, and then to $2,322.55. Thus, even though Bohrer admits that his income is $430.00 per month higher than originally scheduled, his proposed plan

payment is exactly the same.[1] The trustee objects, arguing that the plan does not meet the disposable income test of § 1325(b)(1)(B) of the Bankruptcy Code.

Bohrer argues that his failure to accurately state his monthly income was an honest one, and the court does not find otherwise; if it did, it would dismiss the case for bad faith. However, just because his understatement of his income was not in bad faith does not mean that his plan must be confirmed. The court must still find that Bohrer's plan includes his disposable income for at least 36 months. Bohrer's own schedules show that this requirement has not been met.

■■■ Bohrer appears to suffer from a substantial misapprehension as to the nature of schedules. Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions. In the *Matter of Gervich*, 570 F.2d 247, 253 (8th Cir.1978). A debtor may not adopt a cavalier attitude toward his the accuracy of his schedules by arguing that they are not precise and correct. *In re Duplante*, 215 B.R. 444, 447 n. 8 (9th Cir. BAP 1997). When schedules are amended the old schedules do not, as Bohrer seems to argue, become nullities. The only effect of amendment of a schedule is that the original schedule no longer has the binding, preclusive effect it might otherwise have. It still fully subject to consideration by the court as an evidentiary admission. *White v. ARCO/Polymers,*

*Inc.,* 720 F.2d 1391, 1396 n. 5 (5th Cir. 1983).

■■ In this case Bohrer represented to the court, under penalty of perjury, that he needed no money for recreation expenses. He later amended this figure to $70.00 per month, and then again to $100.00 per month. He does not allege that either of the first two figures were mistakes. Rather, the figure was increased to cover the increased income discovered by the trustee. The early versions of Bohrer's budget establish that $50.00 is a reasonable amount for recreation.

Likewise, the first two versions of Bohrer's monthly expenses identified $200.00 for transportation. In the final version, this amount is $230.00. Bohrer does not argue that he forgot some item of transportation expense, but only that the figure was understated the first two times around. Considering the two earlier versions of the schedules as admissions, it appears that a reasonable figure is $215.00.

The trustee indicated on the record that a plan which increased the monthly payment from $125.00 to $190.00 per month would be acceptable. Bohrer then asked if he could pay the same amount over an extended period of time, and the trustee again indicated no objection. A plan incorporating either of these changes will accordingly be confirmed. However, subject to Bohrer's right to a full hearing, confirmation will be denied and this case dismissed if Bohrer does not immediately amend his plan to the trustee's satisfaction.[2]

1. The original schedules showed a deficit. Thus, an increase in expenses of $250.00 per month was sufficient to offset a $430.00 understatement of income.

2. Bohrer may have a full evidentiary hearing if he wishes. However, if such a hearing is held the court will consider as evidence both of the superceded versions of his schedules, and may well conclude that he must pay a monthly amount considerably greater than $190.00 per month in order to meet the requirements of § 1325(b)(1)(B).

Counsel for Bohrer shall submit a form of order consistent with this memorandum which the trustee has approved as to form.