NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In re: MARK RAIMUNDO WATSON, | No. 17-60083 |
| Debtor. | BAP No. 17-1012 |
| ------------------------------ |  |
| MARK RAIMUNDO WATSON, | MEMORANDUM[*] |
| Appellant, |  |
| v. |  |
| DITECH FINANCIAL, LLC, |  |
| Appellee. |  |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Mark Raimundo Watson appeals pro se from the Bankruptcy Appellate

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Panel's ("BAP") judgment affirming the bankruptcy court's order granting Ditech Financial, LLC's motion for relief from the automatic stay. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by granting relief from the automatic stay because Ditech Financial, LLC presented evidence establishing that it had a colorable claim to the property at issue. *See Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) ("A proceeding to determine eligibility for relief from a stay only determines whether a creditor should be released from the stay in order to argue the merits in a separate proceeding. . . . [A] party seeking stay relief need only establish that it has a colorable claim to the property at issue."); *see also Spokane Law Enforcement Fed. Credit Union v. Barker (In re Barker)*, 839 F.3d 1189, 1198 (9th Cir. 2016) ("[A] secured creditor, who does not wish to participate in a Chapter 13 plan or who fails to file a timely proof of claim, does not forfeit its lien." (citation omitted)); *Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.)*, 252 F.3d 1039, 1045 (9th Cir. 2001) (setting forth

standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**