

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. WW-17-1241-TaBKu |
| | BAP No. WW-18-1282-TaBKu |
| INGRIM FAMILY, LLC, | (related) |
| Debtor. | Bk. No. 3:15-bk-43036-MJH |
| LEE INGRIM; JANA INGRIM, | Adv. No. 3:16-ap-4052-MJH |
| Appellants, | |
| v. | MEMORANDUM* |
| KATHRYN A. ELLIS, Chapter 7 Trustee, | |
| Appellee. | |

Argued on October 25, 2018 at Seattle, Washington
and on May 23, 2019 at Pasadena, California

Submitted on May 23, 2019

Filed – June 18, 2019

Appeal from the United States Bankruptcy Court

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

for the Western District of Washington

Honorable Mary Jo Heston, Bankruptcy Judge, Presiding

─────────

Appearances:    Nathan D. Dysart argued for appellants; appellee
                Kathryn A. Ellis, Chapter 7 Trustee argued pro se.

─────────

Before: TAYLOR, BRAND, and KURTZ, Bankruptcy Judges.

## INTRODUCTION

The bankruptcy court resolved this adversary proceeding through two summary judgment motions in favor of the plaintiff. And it did so even though the defendants, Lee and Jana Ingrim, submitted declarations that facially contested material facts. We discern no error, however, because prior inconsistent statements and the lack of other corroborating evidence or judicial admission supported the bankruptcy court's decision to disregard the defendants' last minute attempts to create triable issues of material fact. Summary judgment, thus, was appropriate.

Accordingly, we AFFIRM.

## FACTS[1]

Chapter 7 trustee Kathryn A. Ellis initiated an adversary proceeding

─────────

[1] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

against the Ingrims.[2]

**The Preference Summary Judgment**

As relevant here, the initial complaint alleged that Debtor preferentially transferred up to $8,000 to the Ingrims. When the Trustee filed her summary judgment motion, she supported it, in part, with Mr. Ingrim's deposition testimony confirming a statement by his attorney—that "the payments of July 28th of $2,000.00 and $5,000.00 [were] payment to Lee for a loan he gave the LLC from two of his building accounts". The Trustee also submitted Debtor business records supporting the assertion that the payments were loan repayments.

In opposition, the Ingrims argued that the payments were for rent owed by Debtor to Mr. Ingrim and were not preferential. In support, Mr. Ingrim filed a declaration stating, in its entirety: "The payments made by Ingrim Family LLC on July 28, 2014 were payments made to me by Ingrim Family LLC for rental of the retail space in Centralia, Washington, by Ingrim Family LLC, which was using the space for a liquor store."

The Trustee, in reply, argued that this new statement contradicted Mr. Ingrim's previous sworn testimony, the Ingrims' counsel's representations, and Debtor's documentary evidence.

---

[2] In these legal proceedings, the Ingrims have acted jointly—they filed a joint answer and joint oppositions to the Trustee's motions; they have prosecuted these appeals jointly. They never argue that we should analyze the case or treat them separately.

After hearing oral argument, the bankruptcy judge concluded that the Ingrims received preferential payments and entered an order granting the summary judgment motion. The Ingrims appealed, and we heard argument. But we subsequently concluded that this order was interlocutory[3] and vacated submission so that we could decide these two appeals simultaneously.

**The Neon Sign Summary Judgment**

After the bankruptcy court considered the first summary judgment motion, the bankruptcy court allowed the Trustee to amend the complaint and add new causes of action. As relevant to this appeal, she added a claim to avoid a postpetition transfer of estate property under §§ 549 and 550.

She alleged that the estate's property included a neon sign with the words "Liquor Store" which the Debtor scheduled at $7,000. She further asserted that, at the meeting of creditors, Ms. Ingrim confirmed that the neon sign remained at the business premises. Then, in paragraph 30, she alleged: "Subsequently, and without authority, [the Ingrims] disposed of the neon sign . . . and claim there is no documentation regarding the disposition of the same. Indeed, [the Ingrims] were unable to identify the

---

[3] Applying traditional finality principles, *see Belli v. Temkin (In re Belli)*, 268 B.R. 851, 855 (9th Cir. BAP 2001), we concluded that the initial summary judgment order was not a final judgment; it is apparent that the bankruptcy judge's intent was that the order would not be the final act in the matter. *Casey v. Albertson's Inc*, 362 F.3d 1254, 1258 (9th Cir. 2004).

individual to whom [Mr. Ingrim] transferred the assets of the debtor post-petition."

The Ingrims answered and admitted that the property of the Debtor's estate included the neon sign scheduled at $7,000 and that the sign was at the Debtor's business premises as of the § 341(a) meeting date. They then denied all the allegations in paragraph 30.

The Trustee eventually filed a second summary judgment motion. She argued that Mr. Ingrim admitted that he disposed of the sign but had no documentation about disposal. She argued that the Ingrims should be bound by the $7,000 value they listed on the schedules and relied on: Debtor's schedule B, signed by Ms. Ingrim, valuing a "sign" at $7,000; the § 341(a) meeting transcript, containing Ms. Ingrim's testimony that she read, signed, and agreed with the information in the schedules; and a transcript from Mr. Ingrim's deposition, containing his testimony that he gave the sign to "a radiator guy in town" "for scrap" because it "had no value" and that he purchased the sign.

In opposition, the Ingrims argued that Mr. Ingrim, as the landlord, owned the sign and that it was worthless. They supported their argument with Mr. Ingrim's declaration.

The bankruptcy judge did not rush to summary judgment; she continued the initial hearing and allowed the Ingrims to present additional evidence of the sign's value. Later, Mr. Ingrim submitted another

declaration saying that he purchased the sign and attached an invoice for a sign deposit. The Ingrims also submitted declarations from a Duane Taylor. The Trustee, in response, argued that the Ingrims' position and testimony about the sign continued to change.

Subsequently, the bankruptcy court granted summary judgment concluding that the Trustee was entitled to avoid the transfer of the sign under § 549 and recover $7,000 under § 550. The bankruptcy court reasoned, in part, that the $7,000 value placed on Debtor's schedule B was a judicial admission binding on the Ingrims, who admitted they were Debtor's insiders—Ms. Ingrim executed the schedules under penalty of perjury and provided testimony that they were accurate.

The Ingrims timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(F). We have jurisdiction under 28 U.S.C. § 158(a).

## ISSUE

Did the bankruptcy court err when it granted the Trustee's summary judgment motions?

## STANDARD OF REVIEW

We review the bankruptcy court's grant of summary judgment de novo. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014). And we may affirm on any ground supported by the record,

regardless of whether the bankruptcy court relied upon, rejected, or even considered that ground. *Id.*

## DISCUSSION

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (applied in adversary proceedings by Rule 7056). We must view "the evidence in the light most favorable to the non-moving party" and draw "all justifiable inferences in favor of the non-moving party." *Fresno Motors, LLC*, 771 F.3d at 1125 (citing *Cty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Id.*

**A.     There was no genuine dispute that the July 28 payment was a preference.**

On appeal, the Ingrims argue that the bankruptcy court erred because it decided a material disputed fact: whether the payment was for rent. They note that Mr. Ingrim's declaration said the payments were for rent while the Trustee's evidence contradicted this statement; they assert that a triable issue resulted. Facially, this is correct, but the Ingrims improperly ignore Mr. Ingrim's prior inconsistent testimony.

7

The bankruptcy court properly relied on: Mr. Ingrim's testimony that his attorney correctly stated that the July 28 payments were repayment of a loan; the Ingrims' attorney's associated representation; and the Debtor's ledgers which recorded a $5,000 payment on July 10 and a $3,000 payment on August 6 as for rent while also recording the allegedly preferential payments of $2,000 and $5,000 on July 28 as receivables. And, as a result, the bankruptcy court also correctly determined that Mr. Ingrim's subsequent declaration that the payments were for rent was uncorroborated, self-serving, and—importantly—flatly contradicted by his previous sworn testimony. As such, we agree that Mr. Ingrim's declaration did not create a genuine dispute of material fact that the payment was not for rent. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). The bankruptcy court appropriately concluded that "a rational trier of fact could [not] find in favor of the defendant on the issue of the nature of this debt and whether or not it's antecedent[]" because "[a]ll of the evidence that's before the Court and that was put before the Court contradicts the allegation of the defendant that these payments were for rent."

We acknowledge that the bankruptcy court did not crisply apply *Kennedy*, nor did it invoke the sham affidavit rule, which the Trustee urges us to apply on appeal.[4] We also acknowledge that, typically, the self-

_____

[4] The sham affidavit rule does not resolve all issues here because the bankruptcy

(continued...)

8

serving nature of a declaration does not justify disregarding it. *Sec. & Exch. Comm'n v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007). But, here, the declaration is more than just self-serving. Critically, it is contradicted by Mr. Ingrim's previous testimony. It is also conclusory and lacks detailed facts and corroborating evidence; indeed, the only documentary evidence is inconsistent. This renders the declaration insufficient to create a genuine issue of material fact. *Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007); *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978).

As a result, we conclude that the bankruptcy court properly granted summary judgment as to the preference.

---

[4](...continued)
court failed to make all required findings. We review a decision whether to apply the sham affidavit rule for an abuse of discretion. *Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012). "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). To trigger the sham affidavit rule, first, the court "must make a factual determination that the contradiction is a sham," and, second, the "inconsistency between a party's deposition testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." *Yeager*, 693 F.3d at 1080 (internal quotation marks omitted). Here, the bankruptcy court did not invoke the rule: it did not make a specific factual finding that the affidavit was a sham or otherwise strike the declaration. *Cf. Van Asdale*, 577 F.3d at 999 ("The district court did not make a specific factual finding that the affidavit was a sham as it was required to do prior to striking it.").

**B.**     **The bankruptcy court correctly granted summary judgment in the Trustee's favor in relation to damages caused by unauthorized disposition of the neon sign.**

No one disputes that the Ingrims disposed of the neon sign without authorization. On appeal, the only issue is the damage to the estate. The bankruptcy court concluded that summary judgment as to damages was appropriate because: (1) the designation of the sign as an asset of Debtor's estate with a $7,000 value in the bankruptcy schedules was a judicial admission binding on the Ingrims; and (2) the Ingrims failed to present admissible evidence about the sign's value sufficient to dispute the Trustee's $7,000 value. These are separate bases for decision.

Judicial admissions "are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Spokane Law Enf't Fed. Credit Union v. Barker (In re Barker)*, 839 F.3d 1189, 1195 (9th Cir. 2016) (internal quotation marks and citation omitted). And a judicial admission is "conclusively binding on the party who made" it. *Id.* (internal quotation marks and citation omitted).

On appeal, the Ingrims reiterate Mr. Ingrim's assertion that he owned the sign. They also argue that the bankruptcy court erred by deciding the sign's value "based upon materials provided by the" Trustee and contradicted by Mr. Ingrim's and Mr. Taylor's declarations. Opening Br. at 8. We disagree.

10

In their answer, the Ingrims admitted that the sign was estate property. This was a judicial admission, is binding on the Ingrims, and withdraws the ownership fact from issue. Summary judgment was thus appropriate.

As for the sign's value, the Ingrims never argue that the bankruptcy court erred when it concluded that the $7,000 value listed on the schedules was a judicial admission binding on them. We "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We may consider arguments not raised in the opening brief, but we are not obliged to. *Brown v. Rawson–Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016). And this case does not present an extraordinary circumstance; we thus decline to "manufacture arguments for" the Ingrims. *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010).[5] In short, the Ingrims waived or forfeited any contrary argument. *See Orr v. Plumb*,

---

[5] This applies even in the context of a de novo review of summary judgment. *Bricklayers*, 752 F.2d at 1404; *Brownfield*, 612 F.3d at 1144; *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("It is unclear whether Miller and Lewis also appeal the granting of summary judgment on several claims not argued on appeal. The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief and therefore we decline to consider any of Miller's and Lewis's additional claims here." (citation omitted)). *Cf. Barnard v. Theobald*, 721 F.3d 1069, 1076 n.9 (9th Cir. 2013) (declining, on de novo review of a district court's denial of a renewed motion for judgment as a matter of law, to consider an argument not raised by appellants).

884 F.3d 923, 932 (9th Cir. 2018); *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1247 n.6 (9th Cir. 2017).

Even if this argument were available to them, we see no reason to reverse because this is not an extraordinary case where the integrity of the proceedings is seriously called into question. *See Reid and Hellyer, APC v. Laski (In re Wrightwood Guest Ranch, LLC)*, 896 F.3d 1109, 1117 (9th Cir. 2018). Although the Ninth Circuit has not decided whether bankruptcy schedules constitute judicial admissions,[6] we have noted that statements in bankruptcy schedules carry evidentiary weight,[7] and there exists a substantial body of case law holding that statements in schedules amount to binding judicial admissions. *In re Rolland*, 317 B.R. 402, 421–23 (Bankr. C. D. Cal. 2004) (gathering cases); *In re Bohrer*, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001). As a result, any error was neither plain nor obvious.[8]

---

[6] *Barker*, 839 F.3d at 1195–96 ("Although we have acknowledged this doctrine, we have never declared that a bankruptcy schedule constitutes the 'formal admission' required for the application of the doctrine. We need not reach this question here either.").

[7] *Campbell v. Verizon Wireless S–CA (In re Campbell)*, 336 B.R. 430, 436 (9th Cir. BAP 2005) ("We also emphasize, as we did in *Heath*, that although Debtors' admissions in their bankruptcy schedules can be binding that is not the basis of our decision."); *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 431 (9th Cir. BAP 2005) ("Nor do we rely on evidentiary admissions in Debtors' bankruptcy schedules. It is true that, as the bankruptcy court orally suggested, bankruptcy schedules can constitute admissions under Fed. R. Evid. 801(d)(2).").

[8] So we need not reach the Ingrims' primary argument on appeal (i.e., that

(continued...)

## CONCLUSION

Based on the foregoing, we AFFIRM.

---

[8](...continued)
summary judgment was inappropriate because there was a dispute over the material fact of the sign's value). Because the Ingrims fail to address the bankruptcy court's conclusion based on judicial admissions, any error is harmless.