# IN THE SUPREME COURT OF THE STATE OF NEVADA

RIVER GLIDER AVENUE TRUST,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE OF THE
CERTIFICATEHOLDERS OF CWALT,
INC. ALTERNATIVE LOAN TRUST
2006-24CB, MORTGAGE PASS-
THROUGH CERTIFICATES,
Respondent.

No. 79808

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.[1]

We conclude that substantial evidence supports the district court's finding that appellant's bankruptcy court filings constituted a judicial admission that respondent's deed of trust survived the HOA's foreclosure sale.[2] *Certified Fire Prot. Inc. v. Precision Constr., Inc.*, 128 Nev. 371, 377, 283 P.3d 250, 254 (2012) ("Where a question of fact has been determined by the trial court, this court will not reverse unless the judgment is clearly erroneous and not based on substantial evidence." (internal quotation marks omitted)). In particular, based on (1) appellant's failure to list the loan secured by the deed of trust as a "disputed" debt on

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We note that this is the standard of review proffered by appellant.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-34499

Schedule D, and (2) the acknowledgment in appellant's "strip off" motion that the deed of trust remains attached to the property, it was reasonable for the district court to conclude that appellant made "deliberate, clear, unequivocal statements" that the deed of trust survived the HOA sale. *Reyburn Lawn & Landscape Designers, Inc. v. Plaster Dev. Co.*, 127 Nev. 331, 343, 255 P.3d 268, 276 (2011) (defining judicial admission); *see Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)); *see also In re Bohrer*, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001) ("Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions.").

Although appellant contends that 11 U.S.C. § 350(b) permits appellant to reopen the bankruptcy case and Federal Rule of Bankruptcy Procedure 1009 permits appellant to amend Schedule D, there is no indication in the record that appellant tried to do so here. Accordingly, this does not affect the reasonableness of the district court's conclusion. Likewise, although appellant contends that it did not expressly state in its bankruptcy filings that the deed of trust survived the HOA sale, it was reasonable for the district court to conclude that appellant made the functional equivalent of such a statement and to characterize it as a statement "about a concrete fact." *Reyburn*, 127 Nev. at 343, 255 P.3d at 276. Finally, although appellant contends that the bankruptcy filings are more akin to "evidential" admissions, appellant did not raise this argument in district court until its post-judgment motion to alter or amend, and the district court was within its discretion to conclude that this untimely argument did not warrant alteration of the judgment. *See AA Primo*

Supreme Court
OF
Nevada

(O) 1947A

*Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (recognizing that an order denying an NRCP 59(e) motion is reviewed for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. William D. Kephart, District Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[3]In light of this disposition, we need not address the parties' remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A