**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE: JENNA DENISE HILLARD,
DEBTOR

JERRY DUARTE,

       Plaintiff - Appellant,

 v.

JENNA DENISE HILLARD,

       Defendant - Appellee,

MARTHA G. BRONITSKY, CHAPTER 13
TRUSTEE, UNITED STATES TRUSTEE,

       Trustees.

No. 24-5156

D.C. No.
4:23-cv-01461-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 20, 2025**
San Francisco, California

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Creditor-Appellant Jerry Duarte ("Duarte") appeals the District Court's order affirming the Bankruptcy Court's order, which sustained an objection to Duarte's proof of claim in the Chapter 13 bankruptcy proceeding of Debtor-Appellee Jenna Denise Hillard ("Hillard") as untimely. We have jurisdiction under 28 U.S.C. § 158. We review *de novo* whether the Bankruptcy Court correctly denied Duarte's proof of claim as untimely and whether Hillard submitted an informal proof of claim on Duarte's behalf. *In re Barker*, 839 F.3d 1189, 1193 (9th Cir. 2016); *In re Elliott*, 969 F.3d 1006, 1009 (9th Cir. 2020) ("We review de novo a district court's decision on appeal from a bankruptcy court.").

1. It is undisputed that Duarte held an unsecured claim and filed a late proof of claim with respect to the creditor's deadline.

2. It is undisputed that Hillard did not file a proof of claim on Duarte's behalf under Fed. R. Bankr. P. 3004 before she objected to Duarte's proof of claim as untimely filed. Hillard has never filed a proof of claim on Duarte's behalf.

3. The Bankruptcy Court correctly determined that Hillard did not file an informal proof of claim on Duarte's behalf under Fed. R. Bankr. P. 3004. The informal claim doctrine requires that a creditor affirmatively act to evidence his intent to hold a debtor liable prior to creditor's claim bar date. *See In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 182-83 (9th Cir. 1979) (per curiam)

24-5156

(holding that county's letter to trustee enclosing two tax bills sent prior to creditor's claim bar date was an informal proof of claim); *In re Anderson-Walker Indus., Inc.*, 798 F.2d 1285, 1288 (9th Cir. 1986) (holding that creditor's letter to trustee sent prior to creditor's claim bar date was an informal proof of claim). Here, Duarte did not demonstrate his intent to enforce his claim against Hillard until after creditor's claim bar date. That alone is dispositive.

4. Additionally, we have held that a debtor's schedules do not constitute an informal proof of claim on a creditor's behalf because debtors' schedules "are not an explicit demand and do not demonstrate the [creditor's] intent to hold [the debtor] liable for the listed debt." *Barker*, 839 F.3d at 1196-97. For that same reason, when Hillard amended her Chapter 13 plan, the revised plan did not constitute an informal proof of claim on Duarte's behalf. Each of Hillard's amended plans at paragraph 3.01 state that "[w]ith the exception of the payments required by sections 3.03, 3.07(b), 3.08(b), 3.10, and 4.01, a claim will not be paid pursuant to this plan unless a proof of claim is filed by or on behalf of a creditor, including a secured creditor." It would be a stretch to construe Hillard's Chapter 13 plan as evidencing an intent to hold herself liable when the plan itself requires a proof of claim to be filed for payments to be made. Hillard never filed a proof of claim.

**JUDGMENT AFFIRMED.**